UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br>               Plaintiff,<br>    v.<br>REG8 SEQUOIA STATION, LLC., et al.,<br>               Defendants. | Case No. 21-cv-02395-SK<br><br>**ORDER TO SHOW CAUSE** |

On November 29, 2021, the Court issued an Order requiring a status report. (Dkt. No. 16.) The Court noted that Plaintiff had notified the Court on May 17, 2021, that the parties in this case reached a provisional settlement and that Plaintiff expected the settlement to be consummated within sixty days. Afterwards, Plaintiff would file a stipulation for dismissal with prejudice. However, Plaintiff did not file a stipulation of dismissal or otherwise inform the Court regarding the status of the settlement. Therefore, the Court ordered Plaintiff to file a status report by no later than December 10, 2021, regarding the status of the settlement and whether Plaintiff intended to proceed with the litigation or dismiss this case. (*Id*.)

In response, Plaintiff stated that the parties had finalized a settlement agreement which was to be fully executed. (Dkt. No. 17.) The Court noted that it was unclear why executing a settlement agreement, which had been reached almost seven months prior, was taking so much time, and that, at some point, a failure to execute an agreement could mean that there was not actually an agreement. The Court also noted Plaintiff's obligation to diligently prosecute this case. (Dkt. No. 18.)

Plaintiff responded by stating that the parties were reworking their initial settlement agreement and that Plaintiff hoped to be in a position to dismiss the case within thirty days. However, Plaintiff also requested that the Court reset the deadlines under General Order 56. (Dkt.

No. 19.)

The Court continued the deadline to conduct the joint site inspection to February 17, 2022, and admonished Plaintiff that the Court continued to expect him to diligently prosecute this case and would sanction counsel for further unnecessary delays. (Dkt. No. 20.)

Pursuant to the scheduling order entered on April 2, 2021, and the Court's Order continuing the joint inspection deadline, the last day for Plaintiff to file a Notice of Need for Mediation was March 31, 2022. (Dkt. Nos. 5, 20.) To date, Plaintiff has not yet done so. Moreover, Defendant has not yet appeared, and Plaintiff has not moved for entry of default, despite the fact that Defendants were both served over a year ago. (Dkt. Nos. 8, 9.)

The Court notes that it has repeatedly issued Orders to Show Cause ("OSC") to Plaintiff's Counsel's law firm based on Plaintiff's Counsel's failure to diligently prosecute, repeatedly sanctioned attorneys at the Plaintiff's Counsel's law firm, and referred two individual attorneys with Plaintiff's Counsel's law firm to the Northern District of California's Standing Committee on Professional Conduct. Despite repeated apologies and promises to calendar deadlines, the Court notes that attorneys with the Plaintiff's Counsel's law firm continue to fail to diligently prosecute their cases. As the Court has repeatedly admonished, Plaintiff's Counsel's is responsible for prosecution of this case in a diligent manner.

Accordingly, Plaintiff is HEREBY ORDERED to Show Cause in writing by no later than May 16, 2022, why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and why Counsel should not be personally sanctioned in the amount of $1,000. Additionally, Plaintiff is admonished that, if he fails to file a response to this Order to Show Cause by May 16, 2022, the Court will reassign this matter and issue a report and recommendation that this matter be dismissed for failure to prosecute without any further notice.

**IT IS SO ORDERED**.

Dated: May 6, 2022

SALLIE KIM
United States Magistrate Judge

2